IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN LITTLE *o/b/o* A.J.L., | ) | CASE NO. 1:18cv2162 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| Defendant. | | ORDER |

## Introduction

Robin Little, on behalf of her child, sought child's supplemental security income benefits because of multiple severe mental impairments. The Commissioner found that these impairments did not cause limitations sufficiently serious to support a finding of disability. This decision lacks the support of substantial evidence in the record. I, therefore, reverse the decision and remand for further consideration.[1]

## Analysis

The oral argument brought the following issue into focus:

- In this child's supplemental security income case, the ALJ found that the plaintiff had a marked limitation in the interacting and relating to others domain but a less than marked limitation in the attending and completing tasks domain. The ALJ used substantially similar evidence and reasoning as to each finding, highlighting behavioral problems but noting improvement with treatment. Does substantial evidence support these findings?

---

[1] The parties have consented to my jurisdiction. ECF #12.

To support a finding of disability in a child's supplemental security income claim, on the ground of functional equivalency to a listing, the ALJ must determine that the child had a marked limitation in two of six domains.[2] In this case, the ALJ found that the plaintiff had a marked limitation in the interacting and relating to others domain.[3] As to the other five domains, the ALJ determined that plaintiff had no limitations or less than marked limitations.[4]

The parties agree that the ALJ's articulation in support of her findings contains shortcomings. In particular, more than half of the articulation under the two relevant domains is substantially similar, citing the same medical records.[5] In the balance of the articulations, the ALJ discusses behavior problems and improvement with treatment.[6] As counsel acknowledged, based on these similarities one might well expect that the ALJ could have made the same limitation finding under each domain.

Counsel do not dispute the close relationship between the two domains at issue. As I observed during the argument, logic dictates that a child having severe behavioral difficulties will have problems with interacting and relating to others and with attending to and completing tasks. The ALJ's discussion of the regulations and ruling relating to the attending and completing tasks domain highlights this relationship. According to these

---

[2] *Matos v. Comm'n of Soc. Sec.*, 320 F.Supp.2d 613, 615 (N.D.Ohio 2004).
[3] Transcript ("TR") at 25.
[4] TR at 24-30.
[5] TR at 25, 26.
[6] Id.

sources, examples of functional limitations in this domain include over-reactive to everyday sounds, sights, movements, and touch; slow to focus; repeatedly side-tracked from activities or frequently interrupts others; and requires extra supervision to remain engaged in an activity.[7] A child aggressive and inappropriate toward peers and adults, disrespectful of personal space and boundaries, negative-attention seeking, and prone to aggressive responses will have difficulty getting organized, remaining focused, and completing tasks.

After citing virtually the same exhibits in the articulations for both domains, the ALJ then makes the same observation as to each: (1) plaintiff has real and substantial limitations, but (2) the severity of these limitations has lessened with treatment.[8] But she offered no explicit rationale for rating the limitation in one domain as less than marked and the limitation in the other as marked. This "cut and paste" approach to articulation does not provide substantial evidence in support of the finding here that the child has a less than marked limitation in the acquiring and using information domain.

As the Commissioner frequently submits, judicial review should extend beyond the explicit to the implied. Nevertheless, even if the record contains enough evidence to support a finding, the ALJ must build an "accurate and logical bridge" between the evidence and the result.[9] The search for implicit substantial evidence, absent explicit

---

[7] TR at 26.
[8] TR at 25, 26.
[9] *Fleischer v. Astrue,* 774 F.Supp.2d 875, 877 (N.D.Ohio 2011)(Lioi, J.).

articulation, risks a misstep into the quagmire of *de novo* review. To avoid this misstep, I have confined the inquiry to the record references cited as justification for the less than marked limitation under the domain attending to and completing tasks.

## Conclusion

The ALJ's finding that the child had a less than marked limitation under the domain attending to and completing tasks lacks the support of substantial evidence. The decision of the Commissioner denying the plaintiff's application is reversed and the case remanded to reconsider this finding and to provide sufficient, supporting articulation.

IT IS SO ORDERED.


Dated: September 17, 2019                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge